UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mark A. Coleman,

          Plaintiff,       Case No. 5:24-cv-10624

                            Judith E. Levy
                            United States District Judge

v.

                            Mag. Judge Kimberly G. Altman

Perhne, *et al.*,

          Defendants.

_____/

**OPINION AND ORDER DISMISSING THE COMPLAINT [1] AND
DENYING AS MOOT PLAINTIFF'S MOTIONS [3, 11]**

This is a prisoner civil rights case filed under 42 U.S.C. § 1983. (ECF No. 1, PageID.1.) Plaintiff Mark A. Coleman is a Michigan prisoner presently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. (ECF No. 1, 8.) He sues Michigan Department of Corrections ("MDOC") employees Correctional Officer Perhne, Grievance Coordinator McCumber-Hemry, and Warden Nagy for alleged constitutional violations related to the deprivation of his personal property while incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (ECF No. 1, PageID.2–8.) As discussed below, the

complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I.     Background

Plaintiff alleges that in June 2020, he was placed in segregated detention due to the possibility that he was infected with the COVID-19 virus. (ECF No. 1, PageID.2.) Plaintiff alleges that Defendant Perhne was responsible for securing his personal property in his cell, but rather than secure the cell, Defendant Perhne permitted prisoners to take his property. (*Id.*)

Plaintiff alleges that he filed a grievance addressing the issue and a subsequent investigation determined that Defendant Perhne violated MDOC policy. (*Id.* at PageID.3–4.) Plaintiff further avers that he presented his claim against Defendant Perhne to the "Board" and to Grievance Coordinator McCumber-Hemry.[1] (*Id.* at PageID.4–5.) He avers that he submitted the claim in September 2020, but received no answer. (*Id.*) When he followed up with the Board in May 2023, he was informed that the claim was not received. (*Id.* at PageID.5.) Plaintiff further

---

[1] It appears Plaintiff is referring to the "Prisoner State Administrative Board" which handles reimbursement claims for lost or damaged property in the MDOC's possession. *See* MDOC Policy Directive 03.02.131 (eff. May 20, 2024).

asserts that Defendants McCumber-Hemry and Nagy are liable for Perhne's actions. (*Id.* at PageID.8.)

Plaintiff's complaint is dated February 29, 2024, and was docketed on March 12, 2024. (ECF No. 1.) Plaintiff also filed an application to proceed without prepaying fees or costs (ECF No. 2) and "motion for waiver of copy requirements due to indigency and service by United States Marshal." (ECF No. 3.) His application to proceed without prepaying fees or costs was granted on March 18, 2024. (ECF No. 6.)

Plaintiff has since filed several other documents, including three letters inquiring on the status of his case. (ECF Nos. 7, 9, 10.) He also submitted a "motion of inquiry into the rationale behind the court's refusal to respond to correspondence and whether the delay in prosecuting this case has caused it any harm." (ECF No. 11, PageID.37.)

## II.   Legal Standard

The Court is required to screen an indigent prisoner's complaint and to dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A; *Grinter v. Knight*, 532 F.3d 567, 572

3

(6th Cir. 2008). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

4

factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III.  Analysis

Plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983. Section 1983 does not, by itself, provide any substantive rights; instead, it provides a method for vindicating other federal rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "The first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). Plaintiff does not identify which constitutional or federal rights were allegedly violated. (*See* ECF No. 1.)

Even with a liberal reading of Plaintiff's pro se complaint, Plaintiff's complaint still fails to state a claim under § 1983. To the extent Plaintiff's complaint can be construed as alleging a due process claim based on the

deprivation of property, such a claim fails under § 1983. An unauthorized intentional deprivation of property by a state employee does not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment so long as a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Bass v. Robinson*, 167 F.3d 1041, 1049 (6th Cir. 1999). A plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). If a plaintiff in a § 1983 action fails to demonstrate the inadequacy of his state remedies, the case should be dismissed. *See Bass*, 167 F.3d at 1049–50 ("[I]n order to prove a claim for denial of procedural due process, the plaintiff must plead and prove that a postdepr[i]vation remedy is not available.").

Here, Plaintiff does not allege the inadequacy of remedies in Michigan for him to obtain compensation for his loss. "State tort remedies generally satisfy the post[-]deprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36). Michigan has several post-deprivation remedies, including (1) Michigan Court Rule 3.105, which

allows for an action for claim and delivery of the property, (2) Mich. Comp. Laws § 600.2920, which "provides a civil action to recover possession of or damages for goods and chattels unlawfully taken or detained," and (3) the Michigan Court of Claims Act, Mich. Comp. Laws § 600.6401, *et seq.,* "which establishes a procedure to compensate for alleged unjustifiable acts of state officials." *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995). Moreover, the Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See id.*

Plaintiff has already submitted a property claim to the State Administrative Board. (ECF No. 1, PageID.4.) *See* MDOC Policy Directive 03.02.131 (eff. May 20, 2024); Mich. Comp. Laws § 600.6419. To the extent Plaintiff claims that the State Administrative Board process is inadequate, he alleges no reason why a state-court action would not afford him complete relief for the deprivations of his personal property. Because Plaintiff does not allege the inadequacy of the post-deprivation remedies in the State of Michigan, his complaint is subject to dismissal.

## IV.   Conclusion

For the reasons set forth above, the Court orders that the Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to state a claim.

Plaintiff's "motion for waiver of copy requirements due to indigency and service by United States Marshal" (ECF No. 3) and "motion of inquiry into the rationale behind the court's refusal to respond to correspondence and whether the delay in prosecuting this case has caused it any harm" (ECF No. 11) are DENIED AS MOOT because the complaint has been dismissed.

IT IS SO ORDERED.

Dated: August 5, 2024                      s/Judith E. Levy
    Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2024.

<u>s/R. Loury</u>
Case Manager