## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Mark A. Coleman,

          Plaintiff,         Case No. 5:24-cv-10624

                           Judith E. Levy
                           United States District Judge

v.

                           Mag. Judge Kimberly G. Altman

Perhne, *et al.*,

          Defendants.

_____/

## OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT [14] AND MOTION FOR ORAL ARGUMENT [19]

Plaintiff Mark A. Coleman is an inmate at the Gus Harrison Correctional Facility, a Michigan Department of Corrections prison located in Adrian, Michigan. (ECF No. 1.) In March 2024, Coleman filed a pro se civil rights complaint under 42 U.S.C. § 1983. (*Id.*) He alleged that employees of the Michigan Department of Corrections deprived him of his personal property. The Court dismissed his complaint on August 5, 2024, for failure to state a claim upon which relief can be granted. (ECF No. 12.) *See also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. §

1915A.

Before the Court is Plaintiff's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and for relief from judgment under Rule 60.[1] (ECF No. 14.) For the reasons set forth below, Coleman's motion is denied. The Court also denies his motion for oral hearing (ECF No. 19) as moot.

## I.     Federal Rule of Civil Procedure 59(e)

### A. Plaintiff's motion is timely

A preliminary issue is whether Coleman's motion pursuant to Rule 59(e) is timely. Federal Rule of Civil Procedure 59(e) states that

---

[1] Coleman's motion states that he brings his "motion to alter or amend and/or relief from judgment" "pursuant to Federal Rules of Civil Procedure [] 15, 52(b), 59(e) and 60(a)(b)(1)." (ECF No. 14, PageID.53.) The Court addresses Coleman's Rule 59(e) and Rule 60 requests in the remainder of this Opinion and Order.

Rule 15 relates to the amending of pleadings, such as the complaint. To the extent Coleman seeks to amend his complaint through his motion, his request is denied. First, Coleman has not made clear the amendments to the complaint. "Normally, a party seeking an amendment should attach a copy of the amended complaint." *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). Second, as set forth in this opinion, any additional pleadings Coleman makes in his motion (ECF No. 14) do not cure the deficiencies in his complaint.

As to Coleman's motion pursuant to Rule 52(b), his motion is also denied. Rule 52(b) states, "no later than 28 days after the entry of judgment, the court may amend its findings–or make additional findings–and may amend the judgment accordingly." Rule 52 has to do with actions "tried on the facts without a jury or with an advisory jury," and requires a court to make findings of fact and conclusions of law in such a trial. Fed. R. Civ. P. 52(a). Rule 52 is not applicable to this case because the Court has not held a trial and has not made findings of fact.

2

"[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Court entered its judgment in this case on August 5, 2024. (ECF No. 12.) Though Coleman's motion was docketed on September 5, 2024, he signed the motion on August 19, 2024, and it was postmarked that same day. (ECF No. 14, PageID.61, 63.)

A prisoner's pleading ordinarily is considered filed on the date that the prisoner provides the pleading to prison officials for filing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012) (applying the prison mailbox rule to a state prisoner's habeas corpus petition). Because Plaintiff's motion is dated and postmarked on August 19, 2024, it was filed less than 28 days after the Court's judgment. As such, Plaintiff's motion pursuant to Rule 59(e) is timely.

### B. Merits of the Motion

Rule 59(e) provides that a party may move "to alter or amend a judgment" within 28 days of entry of judgment. "A district court may alter or amend its judgment based on '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4)

3

a need to prevent manifest injustice.'" *Brumley v. United Parcel Service, Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). Importantly, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

Coleman's motion does not satisfy this standard. His complaint alleged that Defendants allowed inmates to take property from his cell in violation of his due process rights. (ECF No. 1.) The Court dismissed the complaint for failure to state a due process claim based on the deprivation of property. (ECF No. 12, PageID.48.)

In his motion, Coleman does not suggest that newly discovered evidence exists, nor does he claim there has been "an intervening change in controlling law." *See Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). He appears to argue that the Court's opinion contained a "clear error in law" or would result in "manifest injustice." *Brumley*, 909 F.3d at 841.

Coleman argues that the Court's "determination that plaintiff

4

failed to seek redress through the state post deprivation remedies . . . is incorrect." (ECF No. 14, PageID.56.) Coleman states that he sought redress through state post-deprivation remedies. (*Id.* at PageID.56–58 (describing his claim for property loss to the State Administrative Board).) However, the Court's decision did not include a determination that Plaintiff failed to seek redress through state remedies; instead, the Court held that Plaintiff failed to allege the inadequacy of available state remedies. (ECF No. 12, PageID.48.)

Coleman also argues that the Court erred in concluding that he failed to sufficiently allege the inadequacy of remedies to obtain compensation for his loss.

As stated in the Court's prior opinion and order:

Michigan has several post-deprivation remedies, including (1) Michigan Court Rule 3.105, which allows for an action for claim and delivery of the property, (2) Mich. Comp. Laws § 600.2920, which "provides a civil action to recover possession of or damages for goods and chattels unlawfully taken or detained," and (3) the Michigan Court of Claims Act, Mich. Comp. Laws § 600.6401, *et seq.*, "which establishes a procedure to compensate for alleged unjustifiable acts of state officials." *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995).

(ECF No. 12, PageID.48–49.) "State tort remedies generally satisfy the post[-]deprivation process requirement of the Due Process Clauses." *Fox*

*v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson v. Palmer*, 468 U.S. 517, 534–36 (1984)).

Coleman does not allege in his complaint nor in his recent filing that he pursued post-deprivation remedies through a state court action. In his motion, Coleman contends that a state-court action would be inadequate or futile because his claims are likely barred by the applicable statute of limitations. (ECF No. 14, PageID.58 ("It was and is plaintiff's understanding that the statute of limitations had expired for bringing a claim, and, after 3 years, into the court of claims, which he believes he made mention of in the complaint.").)

First, Coleman advances arguments that could have been presented to the Court pre-judgment. As indicated above, motions under Rule 59(e) are not to be employed in this manner.

Additionally, the Court is not persuaded that Coleman's remedies in Michigan are inadequate because his state-court action may be procedurally barred at this time. An unauthorized intentional deprivation of property by a state employee does not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment so long as a "meaningful" state post-deprivation remedy for

the loss is available. *Hudson*, 468 U.S. at 533. (*See also* ECF No. 12, PageID.48.) Even if Coleman's claims are barred by a statute of limitations, he had an opportunity, at some point, to bring such a state-court action. A plaintiff's inaction cannot render a state post-deprivation remedy inadequate.

Other federal courts have made similar determinations. *See Agim v. Lumpkin*, 35 F. App'x 389 (5th Cir. 2002) ("A state court post-deprivation remedy is not inadequate simply because the state court determines that a prisoner has forfeited his rights to seek recovery under state procedural laws."); *Robinson v. Winslow*, 88 F. App'x 93, 96 (7th Cir. 2003) (concluding that the prior dismissal of the plaintiff's state court action as untimely "does not establish that the [remedy] is inadequate to protect his right to due process"); *Foster v. Graves*, No. 09-0657, 2010 WL 3724314, at *6 (M.D. La. Aug. 10, 2010) ("Merely because a claimant is unsuccessful in prosecuting a claim in state court does not render the remedy itself inadequate").

Because Coleman has not shown that state post-deprivation remedies are inadequate, the Court did not err by dismissing the complaint. As such, Coleman's motion pursuant to Federal Rule of Civil

Procedure 59(e) is denied.

## II.    Federal Rule of Civil Procedure 60

Coleman appears to request relief pursuant to Rule 60(a) and/or

(b)(1). (*See* ECF No. 14, PageID.53 (requesting relief pursuant to

"60(a)(b)(1)").) Rule 60(a) is not relevant here.[2] Rule 60(b) allows a court

to relieve a party from a final judgment, order, or proceeding for a

number of reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed

---

[2] Rule 60(a) applies to "clerical" or "mechanical" errors, such as when a court miscalculates a number or accidentally uses a wrong name on a judgment. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 363 (6th Cir. 1990); *Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 515 (6th Cir. 2016). It is not applicable to situations where a party believes a court should change its mind because it "made a legal or factual mistake in making its original determination." *Id*. (quoting *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002)). Because Coleman argues that the Court made a legal mistake in its original opinion and order, Rule 60(a) is not applicable here.

or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

Coleman claims that the Court's original Opinion and Order contained mistakes of law such that Rule 60(b)(1) should apply. However, Coleman has not established grounds for such relief because, as set forth previously, he has not demonstrated that the Court erred in its original Opinion and Order.

For the reasons stated above, Coleman is not entitled to relief pursuant to Rule 60.

## III. CONCLUSION

Accordingly, the Court DENIES Coleman's motion to alter or amend the judgment. (ECF No. 14.) The Court further DENIES the motion for oral hearing (ECF No. 19) as moot. This case remains closed.

**IT IS SO ORDERED.**

9

Dated: January 23, 2025                    s/Judith E. Levy
       Ann Arbor, Michigan              JUDITH E. LEVY
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 23, 2025.

                                s/William Barkholz
                                WILLIAM BARKHOLZ
                                Case Manager